**FILED**
APR 2 1 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Cornell Sanders, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09 0721 |
| ) | |
| United States Dep't of Justice *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff, a federal prisoner incarcerated at the United States Penitentiary in Coleman, Florida, has filed a *pro se* complaint and applied to proceed *in forma pauperis*. The application will be granted and the complaint dismissed for lack of jurisdiction.

Plaintiff's complaint states that it is a suit brought under the Freedom of Information Act, 5 U.S.C. § 552. Compl. at 1. The facts alleged and relief requested, however, make clear that this action is not an appeal from an agency determination of plaintiff's FOIA request. Rather, plaintiff seeks a determination by this court of the authenticity of the arrest warrant in his underlying criminal proceeding, *id.* at 3, which he suspects to be a later-manufactured forgery, *id.* at 3-4, and which has been produced to him, *id.* at 5. Plaintiff's interest in this information stems from his belief that the existence of a later-forged arrest warrant would be "relevant in proving . . . [the] absence of probable cause . . . [and] no jurisdiction to prosecute . . . and therefore [that] his confinement and conviction is contrary to the laws of the United States."[1] *Id.*

---

[1] To the extent that plaintiff seeks to collaterally attack his underlying criminal conviction, plaintiff's exclusive recourse lies with a motion made under 28 U.S.C. § 2255 submitted to the court that tried, convicted, and sentenced him. *Ojo v. Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing).



The FOIA affords no private right of action for a forensic examination or determination of the authenticity of a document produced in response to a FOIA request. Therefore, this case will be dismissed for lack of subject matter jurisdiction.

A separate order accompanies this memorandum opinion.

Date: April 8, 2009

United States District Judge